UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

March 13, 2002

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax: (301) 344-0629

Maria A. Perugini, Esquire
LITTLER MENDELSON PC
1225 Eye St NW Suite 1000
Washington DC 20005

Philip B. Zipin, Esquire
ZIPIN & MELEHY LLC
8630 Fenton St Suite 110
Silver Spring MD 20910

  Re: *Leica Microsystems, Inc. v. Walter Speck*
    Civil No. L 01-2857

Dear Counsel:

  Please be advised that a settlement conference in the above-captioned case has been scheduled for **April 9, 2002, at 10:30 a.m.** to be held in my chambers (Room 335A). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3. Please also be advised that the conference may take the entire day.

  No later than April 2, 2002, I would like to receive from each party a short letter candidly setting forth the following:

  1. Facts you believe you can prove at trial;

  2. The major weaknesses in each side's case, both factual and legal;

  3. An evaluation of the maximum and minimum damage awards you believe likely;

  4. The history of any settlement negotiations to date; and

  5. Estimate of attorney's fees and costs of litigation through trial.

  The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case,

Counsel
*Leica Microsystems, Inc. v. Walter Speck*
Civil No. L 01-2857
March 13, 2002
Page Two


please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

Jillyn K. Schulze
United States Magistrate Judge

cc:   Judge Benson E. Legg

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

```
        CASE:      8:01-cv-02624
        DOCUMENT:  17
        DATE:      03/13/02

        CLERK:
```

Notices will be sent to:

Melanie Bodie,
Bryan Bolton, Funk and Bolton PA              4106597773
Stephen Chertkof, Heller Huron Chertkof Lerner Simon and Salzman      1202293711
Christopher Weals, Seyfarth Shaw       12028285393

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division



| | |
|---|---|
| MELANIE BODIE<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE CORPORATION and<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 01-CV-2624 (PJM) |

**ORDER**

Upon consideration of plaintiff's consent motion for an extension of time and the papers on file herein, IT IS HEREBY ORDERED as follows:

Plaintiff's motion is GRANTED and plaintiff shall have an extension to and including March 12, 2002 to file a response to defendant Accenture's Motion to Dismiss.

_____  3/12/02
UNITED STATES DISTRICT JUDGE