IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LEICA MICROSYSTEMS, INC.** | : |
| | : |
| v. | :  CIVIL NO. L-01-2857 |
| | : |
| **WALTER SPECK** | : |

## MEMORANDUM

Now before the Court are the two following motions:

(i)  Plaintiff's Motion to Enforce Agreement; and

(ii)  Defendant's Motion to Strike.

For the reasons stated below, Plaintiff's Motion is GRANTED, and Defendant's Motion is DENIED, by separate ORDER.

**Analysis**

Plaintiff Leica Microsystems, Inc. (Leica) brought an action against Defendant Walter Speck (Speck), a former employee, alleging a violation of the non-compete, non-solicit, and confidentiality clauses of Speck's Employment Agreement. The suit centered on Speck's post-Leica employment with Dolbey Jamison Optical Company, Inc. (Dolbey), which is Leica's largest competitor. Although the suit also named Dolbey as a defendant, Dolby was dismissed after the company terminated Speck's employment. Speck filed a counterclaim for failure to pay overtime, breach of contract, interference with business relationship, and declaratory judgment.

United States Magistrate Judge Jillyn K. Schulze held a six-hour settlement conference,

1

which both Leica and Speck attended with their counsel. Sitting side by side and using a draft Settlement Agreement and Release of Claims as a framework, counsel negotiated and made handwritten changes and additions to the document. At the end of the conference, all four participants, Leica's corporate representative, Leica's counsel, Speck, and Speck's counsel, initialed each page of the agreement signifying that they had reached a settlement.

Leica now moves to enforce the agreement hammered out at that conference. In response, Speck also seeks enforcement of the agreement, but contends that two paragraphs should be stricken. For the reasons set forth below, Leica's motion to enforce the agreement will be granted and Speck's request to strike a portion of the agreement will be denied.

1.   Background.

The following facts are undisputed. By the time of the settlement conference on April 9, 2002, Dolbey had terminated Speck's employment. The parties reached an agreement at the settlement conference, making handwritten changes and additions to a typed draft Settlement Agreement and Release of Claims. The parties initialed each page of the resulting settlement agreement (the "Settlement Agreement").

The Settlement Agreement permitted Speck to work for Dolbey under certain specified conditions, one of which prohibited Speck from working with Leica equipment. In paragraphs B(5) and B(6), the parties agreed that Speck would provide Leica with a list of Dolbey's accounts as of the time Dolbey first employed Speck, and a subsequent list of all Dolbey accounts Speck worked on during his first year of employment with Dolbey. Paper No. 26, Def.'s Resp., at 2. Speck understood that the purpose of these disclosures was "to assure verification of Speck's compliance with his employment restrictions." *Id.*

Dolbey has now refused to provide the account information described in the Settlement

Agreement on the basis that the information includes proprietary trade secrets. Therefore, says Speck, enforcement of the disclosure portions of the Settlement Agreement is "unreasonable -- and, in fact, impossible." *Id.* at 3. Moreover, Speck asserts that because the disclosure provisions have caused Dolbey to refuse to employ Speck, the provisions render him "unemployable and are contrary to Maryland public policy." *Id.* Speck "requests that this Court enforce the settlement agreement . . . except as to paragraphs B(5) and B(6)." *Id.* at 4.

2. Discussion.

   A. Hearing.

The Court has jurisdiction to enforce a settlement agreement in a case pending before it. *Miller v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *Sadighi v. Daghighfekr*, 66 F. Supp. 2d 752, 758 (D.S.C. 1999). An evidentiary hearing is required on a motion to enforce a settlement agreement if the existence of the actual agreement, or an attorney's authority to bind a party, is at issue. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002). However, a hearing is not required where there is no factual dispute regarding the existence of an agreement. *Petty v. Timken Corp.*, 849 F. 2d 130, 132 (4th Cir. 1988).

Here, the existence of the agreement is not disputed, and there is no dispute over authority as Speck entered it in person on his own behalf. Nor is there any factual dispute regarding any portion of the agreement or the intent of the parties. Rather, Speck argues that the disclosure provisions in paragraphs B(5) and B(6) are either impossible to perform or are against public policy and should, therefore, be stricken from the agreement. Thus, only questions of law are presented and a hearing is not necessary.

   B. Enforceability.

The Court has inherent authority to enforce a settlement agreement and to enter judgment

3

based on that agreement. *Williams v. Prof'l Transp., Inc.*, ___ F.3d ___, ___; 2002 WL 1402014 at *4 (4th Cir. July 1, 2002); *Petty*, 849 F.2d at 132. There must be a complete agreement, and the Court lacks the power to alter the agreement or to be a final arbiter and impose an agreement where there has been no meeting of the minds. *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983); *Wood v. Va. Hauling Co.*, 528 F.2d 423, 425-26 (4th Cir. 1975) (stating that the settlement agreement should end litigation and the court should not "monitor the disintegration of a cause of action by bits and pieces").

There is no dispute here that the parties reached a complete agreement. Speck's request that the court enforce all of that agreement except two paragraphs would, or course, alter the agreement and for that reason alone cannot be granted. The Court cannot rewrite the agreement, but rather is limited to determining whether or not the agreement should be enforced in its entirety.

Speck presents no basis for refusing to enforce the Settlement Agreement. His claim that the disclosure provisions are incapable of enforcement fails. The provisions are straightforward: Speck may work for Dolbey immediately on the condition that Dolbey make the required disclosures. The restrictions on Speck, except for confidentiality, end on July 6, 2003. After that date, Speck can work for anyone without any restrictions except for an obligation to keep Leica's confidential information confidential. Dolbey's refusal to provide the disclosures may preclude Speck's employment with Dolbey until July 6, 2003, but it does not make the Settlement Agreement itself either impossible or unenforceable.

Speck's public policy argument similarly presents no basis for refusing to enforce this agreement. The Court has equitable power to grant relief where a restrictive covenant imposes undue hardship on the employee or disregards the interests of the public. *Ruhl v. F.A. Bartlett*

4

*Tree Expert Co.*, 245 Md. 118, 123-24 (1967). Generally, however, such covenants will be sustained if the restraint is confined within limits which are no wider as to area and duration than are reasonably necessary for the protection of the business of the employer. *Id.* at 123, 127 (former employee prohibited from competing for two years within six-county area); *see also PADCO Advisors, Inc. v. Omdahl,* 179 F. Supp. 2d 600, 606 (D. Md. 2002) (prohibiting employment for two years with companies that directly compete with former employer). Here, Speck makes no claim that the disclosure provisions are unduly broad in area or duration, or that they prohibit him from all employment, and he admits that they are designed to provide assurance that the non-compete agreement is honored. Under these circumstances, the contention that the disclosure provisions unduly restrict Speck's post-Leica employment fails.

In addition to the lack of supporting law, it would be wrong to allow Speck to now say that an agreement he voluntarily entered, with the advice of counsel and in the presence of the Magistrate Judge, is against public policy. Speck knew that this Settlement Agreement conditioned his employment with Dolbey on disclosures which Dolbey could refuse to provide. He entered it without ascertaining whether Dolbey would cooperate and without any contingency based on Dolbey's refusal to cooperate.[1] Speck cannot now be heard to say that he is entitled to be relieved from the agreement merely because Dolbey, his former employer, has failed to make discretionary disclosures.

---

[1] Speck's argument that Leica did not ask him to contact Dolbey to determine whether Dolbey would cooperate misses the point. Only Speck, and not Leica, had any reason to care whether Dolbey cooperated.

5

3.  <u>Conclusion</u>.

For the reasons outlined above, the parties reached a valid settlement agreement which will be enforced.

It is so ORDERED this 22nd day of July, 2002.

                                                             Benson Everett Legg
                                                             United States District Judge